*955 OPINION.
TRAmmeul:
The petitioner contends that it and the Wales Adding Machine Co. were affiliated for the period February 28, 1923, to December 31, 1923. The respondent denies that the corporations were affiliated in 1923.
*956 Section 240 of the Revenue Act of 1921 provides: “(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.”
Kirby and Nesbitt, who owned 58.93 per cent of the common or voting stock of the Wales Adding Machine Co., purchased equally between them the entire capital stock of the petitioner on February 5, 1923. Sometime in February, 1923, the exact date not being disclosed by the evidence, but being conceded by the petitioner in its brief as February 28, Kirby and Nesbitt, together with certain other holders of the common stock of Wales Adding Machine Co., amounting in the aggregate to 80 per cent of that stock, formulated a plan and agreement to organize a new corporation, to be known as The Wales-Powers Corporation, whose stock would be accepted by the individuals subscribing to the plan in exchange for the stock owned by them in the petitioner and in the Wales Adding Machine Co. The petitioner does not contend that it and the Wales Adding Machine Co. were affiliated from February 5, 1923, the date on which Kirby and Nesbitt acquired all of the petitioner’s capital stock, but from February 28, 1923, the date on which the plan and agreement for the formation of a new corporation were formulated.
The petitioner urges that as the agreement imposed on the parties thereto (the owners of all of the stock of the petitioner and the owners of 80 per cent of the voting stock of the Wales Adding Machine Co.) an obligation to exchange their stock for the stock of the new corporation when organized, there resulted such a radical change in the stock ownership and control of the two corporations as to give ownership or control of substantially all of the stock of the two corporations to the same interests within the purview of the statute, thereby creating such an affiliation as would entitle the two corporations to file a consolidated return for the remainder of 1923. In support of its contention the petitioner relies primarily upon our decisions in All America Cables, Inc., 10 B. T. A. 213, and Fidelity Trust Co., 4 B. T. A. 411. The facts in those cases are readily distinguishable in a most important particular from the facts in the instant case. In each of those cases existing corporations offered to acquire from stockholders of other corporations their stock in such other corporations, giving therefor stock in themselves. The facts showing that the conditions contained in the offer had been complied with and the corporations having acquired either outright and or under contract very substantial amounts of stock in the other cor *957 porations, we alloAved affiliation. In the instant case the holders of all of the stock of the petitioner and the holders of 80 per cent of the common or voting stock of the Wales Adding Machine Co. agreed among themselves to accept in exchange for their stock in these corporations stock in a new corporation to be formed. Although the holders of 99.11 per cent of the common stock of the Wales Adding Machine Co. had at December 31, 1923, deposited their stock with the depository pursuant to the plan of exchange, the new corporation was not chartered until some time in January, 1924. Until the new company came into existence it is clear that neither the petitioner nor the Wales Adding Machine Co. could be affiliated with it. If the petitioner and the Wales Adding Machine Co. are to be held to have been affiliated in 1923, it must be upon some other basis than that they were eventually to be affiliated with a new corporation.
We find nothing in the record to indicate that the agreement by the stockholders of the two corporations to exchange their stock for stock in the new corporation when it was organized resulted in any change in the ownership of the stock of the two corporations during the year 1923. So far as the record shows, the holdings of the minority interest in the Wales Adding Machine Co. remained the same through 1923. Kirby and Nesbitt continued to own the stock of the petitioner from February 5, 1923, until the end of the year. Although the executives of the petitioner were put in control of the operations of the Wales Adding Machine Co. shortly after Kirby and Nesbitt acquired the stock of the petitioner, this did not give the petitioner the control of the stock of the minority interests as contemplated by the Act. Ice Service Co. v. Commissioner, 30 Fed. (2d) 230; Commissioner v. Hirsch & Co., 30 Fed. (2d) 645; American Auto Trimming Co. v. Lucas, 37 Fed. (2d) 801. The petitioner owned no stock in the Wales Adding Machine Co. and its sole stockholders, Kirby and Nesbitt, owned only 58.93 per cent. That amount does not represent substantially all of the stock. United States v. Cleveland, Painesville & Eastern R. R. Co., 42 Fed. (2d) 413; Ice Service Co. v. Commissioner supra; Wadhams & Co. v. United States, 67 Ct. Cls. 235. As there was a substantial minority interest which owned 41.07 per cent of the stock of the Wales Adding Machine Co. and which owned no stock in the petitioner, and therefore had no beneficial interest in the petitioner, we do not think this minority interest can be classified as constituting part of the same interests within the meaning of the statute. See Continental Products Co., 20 B. T. A. 818, and DuBois Lumber Co., 21 B. T. A. 114.
*958 In view of the foregoing, we are of the opinion that the action of the respondent in determining that the petitioner and the Wales Adding Machine Co were not affiliated in 1923 is correct, and is therefore approved.
Reviewed by the Board.

Judgment will be entered under Bule 50.